1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JODI L. CRANE,

11          Plaintiff,                     No. CIV S-12-0317 GGH P

12       vs.

13   FERNANDO FERNANDEZ,

14          Defendant.                    <u>ORDER</u>

15   _____/

16          Plaintiff is a county jail detainee pro se.  She seeks relief pursuant to 42 U.S.C.

17   § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

18   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

23   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

24   direct the appropriate agency to collect the initial partial filing fee from plaintiff's jail trust

25   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

26   monthly payments of twenty percent of the preceding month's income credited to plaintiff's

1

1   prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

2   the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

3   in full.  28 U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17            A complaint must contain more than a "formulaic recitation of the elements of a

18   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20   "The pleading must contain something more...than...a statement of facts that merely creates a

21   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

23   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

24   v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

25   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

26   the court to draw the reasonable inference that the defendant is liable for the misconduct

1   alleged." Id.

2          In reviewing a complaint under this standard, the court must accept as true the

3   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

4   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

5   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

6   1843 (1969).

7          Plaintiff is currently being held in the Sisikyou County Jail.  She was being

8   transported one day with her hands and feet shackled and there were three inmates in front of her

9   and one inmate behind her.  Plaintiff is not sure how it happened but she fell down three stairs

10  injuring herself.  Plaintiff states that an unnamed officer was standing next to her when she fell,

11  but he did not drop his book in order to help her.  Plaintiff states she suffered great bodily injury

12  as a result of the negligence of this officer.

13         However, plaintiff has failed to set forth allegations that the officer should have

14  realized this was a dangerous situation but did nothing to protect her or that the stairs were

15  somehow unsafe.  Nor does plaintiff set forth any allegations that she was aware of any threat

16  from the unnamed or unknown inmate who perhaps pushed her.  This fails to state an Eighth

17  Amendment claim.  In addition, plaintiff has failed to identify the guard by name, and the court is

18  unable to serve an unknown defendant.  Plaintiff's complaint will be dismissed but she will be

19  granted leave to file an amended complaint within 28 days of service of this order.  Failure to file

20  an amended complaint will result in this action being dismissed.

21         "'[P]rison officials have a duty ... to protect prisoners from violence at the hands

22  of other prisoners.'"  Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994).  "[A]

23  prison official violates the Eighth Amendment when two requirements are met.  First, the

24  deprivation alleged must be, objectively, 'sufficiently serious' ... For a claim (like the one here)

25  based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions

26  posing a substantial risk of serious harm."  Id. at 834.  Second, "[t]o violate the Cruel and

3

1   Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind'

2   ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id.  The

3   prison official will be liable only if "the official knows of and disregards an excessive risk to

4   inmate health and safety; the officials must both be aware of facts from which the inference could

5   be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

6   at 837.

7        "Prison officials have a duty to ensure that prisoners are provided adequate

8   shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217

9   F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct.

10  1970 (1994).  When an inmate has been deprived of necessities, "the circumstances, nature and

11  duration of a deprivation of these necessities must be considered in determining whether a

12  constitutional violation has occurred." Johnson, supra, at 731.

13       The Ninth Circuit, in concluding that safety hazards, exacerbated by poor or

14  inadequate lighting, pervaded a Washington penitentiary's occupational areas, "seriously

15  threaten[ing] the safety and security of inmates and creat[ing] an unconstitutional infliction of

16  pain," has stated:

17                 Persons involuntarily confined by the state have a constitutional
    right to safe conditions of confinement.  See Youngberg v. Romeo,
18  1982, 457 U.S. 307, 315-16, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28;
    Santana v. Collazo, 1 Cir., 1983, 714 F.2d 1172, 1183 [1983].  Not
19  every deviation from ideally safe conditions amounts to a
    constitutional violation, see, e.g., Santana at 1183.  However, the
20  Eighth Amendment entitles inmates in a penal institution to an
    adequate level of personal safety.  This is required because
21  inmates, by reason of their confinement, cannot provide for their
    own safety. Santana, supra, 714 F.2d at 1183.  See also Estelle v.
22  Gamble, 1976, 429 U.S. 97, at 103-04, 97 S.Ct. 285, 290-91, 50
    L.Ed.2d 251.

23

24  Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985); see also, Osolinski v. Kane, 92 F.3d

25  934, 938 (9th Cir. 1996).

26  \\\\\

                        4

1    Prisoners alleging Eighth Amendment violations based on unsafe conditions must

2  demonstrate that prison officials were deliberately indifferent to their health or safety by

3  subjecting them to a substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. at 833.  "For

4  a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under

5  conditions posing a substantial risk of serious harm."  Id. at 834.  The prisoner must also

6  demonstrate that the defendant had a "sufficiently culpable state of mind."  Id.  This standard

7  requires that the official be subjectively aware of the risk; it is not enough that the official

8  objectively should have recognized the danger but failed to do so.  Id. at 838.  "[T]he official

9  must both be aware of facts from which the inference could be drawn that a substantial risk of

10 harm exists, and he must also draw the inference."  Id. at 837, 114 S. Ct. at 1979.  "[A]n

11 official's failure to alleviate a significant risk that he should have perceived but did not...."  does

12 not rise to the level of constitutionally deficient conduct.  Id. at 838, 114 S. Ct. at 1979.  "[I]t is

13 enough that the official acted or failed to act despite his knowledge of a substantial risk of serious

14 harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a

15 defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will

16 not impart knowledge as a matter of law.

17    "[D]eliberate indifference entails something more than mere negligence...[but] is

18 satisfied by something less than acts or omissions for the very purpose of causing harm or with

19 knowledge that harm will result."  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005),

20 quoting Farmer, supra, 511 U.S. at 835, 114 S. Ct. 1970.  Prison officials display a deliberate

21 indifference to an inmate's well-being when they consciously disregard an excessive risk of harm

22 to that inmate's health or safety.  Farmer, 511 U.S. at 837-838, 114 S. Ct. at 1979-80.

23    The Civil Rights Act under which this action was filed provides as follows:

24    Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
25    deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
26    law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

6

1  amended complaint be complete in itself without reference to any prior pleading.  This is

2  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

3  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

4  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

5  original complaint, each claim and the involvement of each defendant must be sufficiently

6  alleged.

7          In accordance with the above, IT IS HEREBY ORDERED that:

8          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

10  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

11  § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the

12  Sisikyou County Jail filed concurrently herewith.

13          3.  The complaint is dismissed for the reasons discussed above, with leave to file

14  an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

15  file an amended complaint will result in this action being dismissed.

16  DATED: April 9, 2012

17                        /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

18  GGH: AB
    cran0317.b

19

20

21

22

23

24

25

26